IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JIMMY GETTINGS, | | No. CIV S-08-0457-LEW-CMK |
| | Petitioner, | |
| vs. | | FINDINGS AND RECOMMENDATIONS |
| REGINA GETTINGS, | | |
| | Respondent. | |
| _____/ | | |

Petitioner seeks a writ of mandamus. Petitioner's request, in its entirety, is as follows:

<u>Request to the Federal District Court</u>

Appellant/Petitioner has file a Writ of Mandate with the California Court of Appeals. It was denied. Petitioner filed a petition for Review with the California Supreme Court. They would not hear the matter claiming the petitioner defaulted. Petitioner received notice January 7, 2008 and replied in a timely manner.

The litigant has requested the recusal of Beatty no less than five times prior to October 19, 2006. The courts have been inundated with paperwork that could easily have been avoided. Finally she stepped aside, and then reappeared.

Commissioner Cara Beatty was recused on October 19, 2006. Un known to Petitioner/Appellant, She then reappeared on a matter in November 2006. The Petitioner/Appellant believes this to be improper and unlawful according to CCP 170.3(a)(1) and CCP 170.4(c)(3)(d). Once

1

      recused, a judicial officer may not reappear in the matter.
           Commissioner Beatty ruled in the November 20, 2006 matter that the Petitioner/Appellant was a vexatious litigant without knowledge of Petitioner/Appellant.  Respondent mailed Petitioner an Affidavit stating that he received no notice of a November 20th hearing.  This was brought to the attention of Beatty with filings by petitioner/appellant and ignored.  This still does not wave Beatty's duty to step aside.  She did in October at the request of Petitioner and should not reappear.

### Conclusion

      Petitioner/Appellant request The United States District to hear this matter in a timely manner and to remove Beatty from further matters concerning the Petitioner/Appellant.
      For this reason Petitioner/Appellant request the Court of Appeals to Grant an appeal in all matters being submitted which were ruled on by Beatty, or reverse all matter and have them placed before another judge. Further more a judicial officer cannot determine a litigant to be a vexatious litigant for merely trying to correct the amount of child support ordered and for trying to gain 50% custody of his two children.

Based on the foregoing, it appears that petitioner seeks this court's intervention in state court proceedings after the California Supreme Court declined review.

      Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ."  In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus.  That jurisdiction is limited, however, to writs of mandamus to "compel an officer or employee of the <u>United States or any agency thereof</u> to perform a duty. . ." 28 U.S.C. § 1361 (emphasis added).  It is also well-established that, with very few exceptions specifically outlined by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or its agencies.  <u>See e.g.</u> <u>Demos v. U.S. Dist. Court for Eastern Dist. of Wash.</u>, 925 F.2d 1160 (9th Cir. 1991).  Moreover, under the <u>Rooker</u>-<u>Feldman</u> abstention doctrine, federal courts lack jurisdiction to hear matters already decided in state court.  <u>See</u> <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983).  The doctrine applies in cases "brought by state court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280 (2005). An exception, inapplicable here, would be where Congress expressly grants federal courts jurisdiction to review state court judgment (such as habeas corpus, for example).

The court finds that it lacks jurisdiction to intervene as petitioner requests. Specifically, jurisdiction cannot exist under 28 U.S.C. § 1651(a) because petitioner does not seek an order from this court which would aid federal court jurisdiction in any way. Jurisdiction cannot exist under 28 U.S.C. § 1361 because petitioner does not seek an order directed to the United Sates or any agency thereof. Finally, under the Rooker-Feldman abstention doctrine, this court lacks jurisdiction to intervene in the completed state court proceedings.

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 3, 2008

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE